IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN RAY SMITH,<br>    Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:10-CV-569-Y |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Stephen Ray Smith, TDCJ-ID #1374545, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Kenedy, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. FACTUAL AND PROCEDURAL HISTORY

Petitioner is serving a 99-year sentence for his state court conviction for theft of property valued at more than $100,000 but less than $200,000 in Hood County, Texas, Cause No. 9912. (Clerk's R. at 19) In affirming the trial court's judgment, the state appellate court summarized the facts of the case as follows:

> On December 26, 2004, Alton Kiser received a call informing him that his travel trailer had been stolen. Less than a month later, Woody Vannatta, an employee of Flowers Construction Company (located in Temple, Texas), arrived at work to find that two trucks, a flatbed trailer, a generator, and various tools and equipment were missing. Company employees called the police to notify them of the suspected theft of these items. On the morning of February 3, 2005, Barbie Don Bramlett, owner of Bramlett Implement Company (a John Deere dealership), received a call from an employee about a break-in at his business. When Bramlett arrived at the business, he discovered that the locks on his gates had been cut. He then noticed that a long trailer, a black pickup truck, a customized generator, a four-wheeler vehicle, and two John Deere Gator (Gator) utility vehicles had been stolen.
>
> Two days later, Hood County Sheriff's Office Sergeant Steve Smith was flagged down by Clinton Sullivan and Jackie Mitchell, who had noticed Bramlett's abandoned black truck in front of a shop Mitchell owned. After Sergeant Smith saw that decals had been ground off of the truck, he confirmed that the truck had been stolen. Sullivan then told Sergeant Smith that he had seen the same black truck along with a Gator at his neighbor's house and that he had seen a heavy-set white man riding on the Gator.
>
> Sergeant Smith and other officers went to the location described by Sullivan to investigate. Upon arriving, Sergeant Smith noticed a Gator and several other vehicles at the property, along with flooring, insulation, hauling trailers, and a large amount of construction tools and materials. Appellant was outside working on an old house trailer when they arrived. Appellant allowed Sergeant Smith to examine the Gator, and Sergeant Smith confirmed that it was one of the Gators that had been stolen from Bramlett. Appellant told Sergeant Smith that he was a part owner of the real property where the stolen items were located.
>
> A man named Scott Elmore then left a travel trailer, and both he and appellant refused to give the officers consent to further search the trailer or the surrounding

2

property. Upon obtaining a search warrant, Sergeant Smith searched the travel trailer and found the keys to Bramlett's black truck, marijuana, syringes, and a gun (which had also been reported stolen).

In September 2005, appellant was indicted for theft.[1] The indictment alleged that appellant participated in a continuing course of conduct that was intended to deprive Kiser, Vannatta, and Bramlett of more than $100,000 worth of various items of property, including three pickup trucks, two Gators, two generators, and three trailers. The indictment also contained an enhancement paragraph alleging that appellant had been previously convicted of a felony drug offense. Appellant went to trial before a jury in May 2006. Following voir dire, appellant pled not guilty.

At trial, Scott Elmore (who had several prior felony convictions) testified that he had known appellant since 2004, that he received money and methamphetamine from appellant, and that he had joined together with appellant to purchase the real property where the various items of stolen property were found. Elmore admitted that he stole property from Bramlett Implements and from Flowers Construction Company and testified that appellant had the right to use the stolen property if he desired, that appellant encouraged him or aided him in stealing the property, that appellant purchased most of the stolen property, and that he bought marijuana with money that appellant gave him in exchange for the property.

After other witnesses testified and counsel concluded their closing arguments, the trial court submitted a charge to the jury on the theft offense. The charge defined theft, generally informed the jury about criminal responsibility, and specifically instructed the jury that if it found that appellant, either acting alone or with Elmore, participated in a scheme of conduct that intended to deprive the owners of their property, then it was required to convict him. However, the charge did not contain any instruction related to accomplice witnesses or the evidentiary effect of Elmore's testimony, and appellant did not request any such instruction or object to its omission. The jury found appellant guilty, found that the enhancement paragraph in the indictment was true, and assessed punishment at ninety-nine years' confinement and a $10,000 fine.

*Smith v. State*, No. 2-07-358-CR, slip op., 2009 WL 214205, at *1-2 (Tex. App.–Fort Worth Jan. 29, 2009) (op on reh'g).

---

[1]Petitioner was also charged with felon in possession of a firearm and possession of methamphetamine in cause nos. 9917 and 9918. The jury found him not guilty on those charges. (RR, vol. 4, at 156)

3

Petitioner also filed a state application for writ of habeas corpus challenging his conviction, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. *Ex parte Smith*, No. WR-67,298-02, at cover. This federal petition followed.

### D. ISSUES

Petitioner raises four grounds for relief, in which he claims he received ineffective assistance of counsel at trial. (Pet. at 7-8; Pet'r Mem. of Law at 4-34)

### E. RULE 5 STATEMENT

Respondent asserts that petitioner has sufficiently exhausted his state court remedies as to the claims presented and that the petition is not barred by limitations or subject to the successive-petition bar. (Resp't Ans. at 6)

### G. DISCUSSION

#### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v.*

*Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08. Further, the statute requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Thus, factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, it is an adjudication on the merits, which is entitled to this presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. Ineffective Assistance of Counsel

Petitioner claims he received ineffective assistance of counsel at trial because counsel failed to (1) object during the state's direct examination of Barbie Don Bramlett, (2) present mitigating evidence that would have discredited the testimony of Clinton Sullivan, (3) attempt to have the evidence suppressed, and (4) move for a lesser included offense instruction on theft under $100,000. (Pet. at 7-8)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Attorney error is prejudicial if it renders the result of the proceeding unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Strickland*, 466 U.S. at 687, 697.

Petitioner raised his ineffective assistance claims in his state habeas application, and the state habeas judge, who also presided over petitioner's trial, found that there were "no controverted, previously unresolved issues of fact material to the legality of the Petitioner's conviction" and recommended that habeas relief be denied. *Ex parte Smith*, Appl. No. WR-67,298-02 at 58. The Texas Court of Criminal Appeals denied the state application without written order on the findings of the trial court. *Id.* at cover. As previously noted, this constitutes an adjudication on the merits by the state court and is entitled to the presumption of correctness. Under these circumstances, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent

with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[2];*Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002). Thus, assuming the state court applied the familiar *Strickland* attorney-performance standard to petitioner's ineffective assistance claims and made factual findings consistent with the denial of the claims, we defer to the state court's determination unless it appears the decision was contrary to or involved an unreasonable application of *Strickland* or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the state court proceedings. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes v. Cain*, 298 F.3d 375, 379-82 (5th Cir. 2002). Petitioner's claims are multifarious and are addressed as thoroughly as practical below.

Petitioner claims trial counsel was ineffective by failing to object to Barbie Don Bramlett's testimony of matters outside his personal knowledge and object to nonresponsive and narrative answers by Bramlett. (Pet'r Mem. at 4-9) First, petitioner claims counsel should have objected to Bramlett's testimony implying that more than one individual was involved in the theft of equipment from Bramlett Implement Company by using such words as "they" and "burglars." Petitioner has failed to demonstrate the testimony was objectionable. Further, petitioner cannot show prejudice as Bramlett testified on cross-examination that he had no knowledge whether petitioner was ever in the stolen truck or at his property. (RR, vol. 3, at 38)

Petitioner claims counsel was ineffective by failing to object to Bramlett's cost-estimations of the items stolen from his business and tools found on petitioner's property on River View Trail. However, Bramlett's opinion regarding the cost or value of the vehicles and other items stolen from

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

his store was admissible as opinion testimony. *See Sullivan v. State*, 701 S.W.2d 905, 909 (Tex. Crim. App. 1986). Further, Bramlett was qualified to make cost-estimations of the tools found on the property based on his experience working with and selling tools. (*Id.* at 34) *See id.* Counsel is not required to make frivolous objections. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). Even if petitioner could show deficient performance, he cannot prove prejudice. The evidence at his trial of the aggregate value of property stolen from the victims exceeded $100,000.

Petitioner claims counsel was ineffective by failing to object to Bramlett's testimony regarding the thoughts and beliefs of law enforcement officers and to object to three instances of nonresponsive and narrative answers by Bramlett. (Pet. at 7; RR, vol. 3, at 13-38) Bramlett testified that "tensions were high" among law enforcement before approaching the River View Trail property and "they thought it was too dangerous" to allow Bramlett to accompany them to the scene. (*Id.* at 29-30) Bramlett also testified regarding the customized generator, the telephone call that his truck was located at an Miller's shop, and that he was told more of his stolen equipment was being run "up and down the hills." Petitioner has not shown this testimony was objectionable or how admission of these portions of Bramlett's testimony was prejudicial to his defense. (RR, vol. 3, at 23, 25, 27)

Petitioner claims counsel was ineffective by failing to present mitigating evidence that would have discredited the testimony of Clinton Sullivan that petitioner lived on the property at River View Trail and Sullivan's identification of petitioner as the person riding a Gator and grinding the truck on the property. (Pet'r Mem. at 10-20) The record reflects counsel did attempt to present mitigating evidence from Jimmy Ewing, petitioner's boss, that petitioner did not live at the property and to raise doubt as to Sullivan's identification of petitioner as the person grinding on the truck on cross-examination. (RR, vol. 4, at 24-47) Nothing in the record suggests that Sullivan's identification of

8

petitioner from a photographic array was impermissibly suggestive so as to give rise to a substantial likelihood of misidentification that would warrant an objection or that further cross-examination would have revealed "details" beneficial to the defense. (*Id.* at 16-23) *See Herrera v. Collins*, 904 F.2d 944, 946 (5th Cir. 1990) (citing *Simmons v. United States*, 390 U.S. 377 (1968)).

Petitioner claims counsel was ineffective by failing to file a motion to suppress because, as the state was aware, "nearly all of the tools in the photos were returned to Scott Elmore and found to be not stolen." (Pet'r Mem. at 20-24) In his state habeas action, petitioner presented a purported list of "Items Returned to Scott Dean Elmore" and argued, as he does now, that the photos were not an accurate description of the stolen property and, thus, were inadmissible. Petitioner asserts counsel had the "list" of returned tools and failed to object to the state's introduction of false and misleading evidence. Petitioner, however, fails to explain the origin of the document, and nothing in the record indicates that, at the time of trial, items had in fact been returned to Elmore, who had been incarcerated with petitioner in the Hood County jail for over a year. (RR, vol. 4, at 107) Furthermore, counsel's defensive strategy was that petitioner had no knowledge that the tools were stolen. Petitioner has not demonstrated that counsel's election not to file a motion to suppress the photos was not based on a conscious or informed trial tactic.

Petitioner claims counsel was ineffective by failing to request a lesser included offense instruction on unauthorized use of a motor vehicle, given that the state failed to prove "venue over all the items from Flowers Construction," and, without evidence that the trucks taken from Flowers Construction were ever at the property, prove the aggregate value of the stolen property exceeded $100,000. (Pet'r Mem. at 25-33) However, as previously noted, the defensive theory was that petitioner was not guilty of anything, including a lesser included offense. Thus, it was reasonable

9

trial strategy for counsel not to request a lesser included offense under the circumstances. *See United States v. Gonzales*, 189 F.3d 469, 1999 WL 548652, at *2 n.1 (5th Cir. July 9, 1999) (not designated for publication).

Petitioner has failed to present convincing evidence or compelling argument to rebut the presumption of correctness of the state courts' adjudication of his claims. Thus, applying the presumption of correctness, the state courts' denial of habeas relief is not contrary to, or involve an unreasonable application, of *Strickland*.[3]

## II. RECOMMENDATION

Petitioner's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 27, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is

---

[3]To the extent petitioner complains of alleged infirmities and defects in the state habeas proceedings in his reply, including the state court's failure to hold an evidentiary hearing to resolve disputed factual issues and render findings of fact and conclusions of law, such claims are not cognizable on federal review. *See Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999).

10

the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until June 27, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June \_\_\_\_6\_\_\_\_, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE